**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN CARLOS HERNANDEZ, | ) NO. CV 13-4060-JVS (MAN) |
| Petitioner, | ) |
| v. | ) ORDER: DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| D. LONG (WARDEN), | ) WITHOUT PREJUDICE; AND DENYING |
| | ) CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |

On June 6, 2013, Petitioner, a state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner names as Respondent the Warden of the state prison at which he is incarcerated.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the instant Petition is required due to a lack of jurisdiction.

1    Petitioner is not challenging his state conviction or sentence, the
2  execution of his sentence, or the fact of his custody or incarceration.
3  Rather, Petitioner complains that, in violation of the First, Fifth, and
4  Fourteenth Amendments, unidentified staff members at two different state
5  prisons deprived him of access to the courts by failing to deliver to
6  him promptly legal records related to his state trial and appeal.
7  Petitioner alleges that:  after his state appeal concluded in January
8  2011, his appellate counsel mailed copies of the trial record and
9  appellate briefs to Petitioner at Donovan State Prison; Donovan staff
10  members sat on the mailed documents, did not send them to Petitioner
11  when he was transferred to Ironwood State Prison in February 2011, and
12  thereafter mailed them to Petitioner's mother; Petitioner's mother
13  "eventually came to understand" what the documents were that she had
14  received and sent a box of the documents to Petitioner at Ironwood State
15  Prison, where the box was received on June 10, 2011; Ironwood State
16  Prison staff members did not advise Petitioner of the delivery and claim
17  to have returned the box to Petitioner's mother on June 13, 2011;
18  Petitioner's mother did not receive the box; and Ironwood State Prison
19  staff members have destroyed the box.  (Petition at 5-5B.)  As relief,
20  Petitioner requests that the Court order state prison officials to find
21  and/or replace Petitioner's trial record and appellate briefs.
22  (Petition at 5B, 5d.)

23

24    Generally, a state prisoner challenging the fact or duration of his
25  state conviction or sentence on the ground of alleged violations of
26  federal rights, and seeking release from imprisonment as a result, does
27  so by way of a federal habeas corpus petition pursuant to 28 U.S.C. §
28  2254.  *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841

1    (1973); <u>Sisk v. Branch</u>, 974 F.2d 116, 117 (9th Cir. 1991).  By contrast,

2    challenges to a prisoner's conditions of confinement must be brought

3    through a civil rights action, rather than through a habeas corpus

4    petition.  *See* <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); *see also*

5    <u>Docken v. Chase</u>, 393 F.3d 1024, 1026 (9th Cir. 2004)("Traditionally,

6    challenges to prison conditions have been cognizable only via § 1983,

7    while challenges implicating the fact or duration of confinement must be

8    brought through a habeas petition.").  A civil rights action is the

9    "proper remedy" for a prisoner "who is making a constitutional challenge

10   to the conditions of his prison life, but not to the fact or length of

11   his custody."  <u>Preiser</u>, 411 U.S. at 500, 93 S. Ct. at 1841.

12   "[C]onstitutional claims that merely challenge the conditions of a

13   prisoner's confinement, whether the inmate seeks monetary or injunctive

14   relief, fall outside of that core [of habeas relief] and may be brought

15   pursuant to § 1983 in the first instance." <u>Nelson v. Campbell</u>, 541 U.S.

16   637, 643, 124 S. Ct. 2117, 2122 (2004).

17

18        Notwithstanding Petitioner's invocation of Section 2254, he seeks

19   to pursue a civil rights claim based on an asserted violation of his

20   federal constitutional rights of due process and to access the courts.

21   He seeks injunctive relief, *i.e.,* an order requiring prison officials to

22   replace his apparently lost or destroyed legal documents.  Petitioner

23   seeks relief that is not available through a habeas action.  *See* <u>Douglas</u>

24   <u>v. Jacquez</u>, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal

25   habeas court 'lies to enforce the right of personal liberty' . . . [and

26   as] such, a habeas court 'has the power to release' a prisoner, but 'has

27   no other power.'")(citations omitted).  Petitioner's claim, therefore,

28   must be raised by way of a civil rights complaint, rather than through

1  a habeas petition brought under Section 2254.

2

3      While the Court may construe a flawed habeas petition as a civil

4  rights action, *see* Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct.

5  407, 409 (1971), converting the Petition to a 42 U.S.C. § 1983 complaint

6  would be improper, given that: (1) the Petition was not accompanied by

7  the $350 filing fee; (2) the Petition was not accompanied by a certified

8  trust account statement covering the past six months as required by 28

9  U.S.C. § 1915(a); (3) the Petition was not accompanied by an

10 authorization by Petitioner to have the $350 filing fee deducted from

11 his trust account pursuant to 28 U.S.C. § 1915(b); and (4) no viable

12 Section 1983 claim has been stated against the sole named Respondent.[1]

13

14     In addition, if the Petition were converted to a Section 1983

15 complaint, Petitioner would be obligated to pay the $350 filing fee for

16 such a civil action, either in full or through withdrawals from his

17 prison trust account in accordance with the availability of funds. *See*

18 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage

19 would not end Petitioner's obligation to pay that $350 filing fee.

20 Further, the Court would be obligated to screen the converted Petition

21 pursuant to the screening provisions of the Prisoner Litigation Reform

22 Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

23

24     [1]   The Warden of Ironwood State Prison is the only named
Respondent. The Petition, however, does not contain any allegations
25 with respect to Respondent, such as what he did or did not do, much less
identify what conduct by him allegedly violated the First, Fifth, And
26 Fourteenth Amendments. The Petition, thus, appears to constitute an
attempt to hold Respondent vicariously liable, premised on the doctrine
27 of respondeat superior, for the actions of prison staff members not only
at his prison but at another prison (Donovan) at which he is not Warden.
28 Any such respondeat superior claim is not cognizable under Section 1983.
*See* Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009).

4

As noted above, the allegations of the Petition do not state a cognizable Section 1983 claim against Respondent. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.,* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present First, Fifth, and Fourteenth Amendment claim through a properly-submitted civil complaint.[2]

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of

---

[2]     Petitioner also then may determine if he is willing to incur the $350 filing fee obligation, as well as the possibility of incurring another "strike."

appealability is DENIED.


          LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED:    June 10, 2013        .

                                        _____
                                             JAMES V. SELNA
                                        UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
     MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE